some fact which he must establish.   (*Kessler* v. *North River Realty Co.*, 169 App. Div. 814;  *Oakes* v. *Star Co.*, 119 id. 358.)

Applying this rule, it at once becomes apparent that the plaintiff is not entitled to examine defendant for the purpose of showing that he is receiver and in control of the elevator, for such facts are admitted by the answer, and for a similar reason the production of judicial orders appointing him receiver is unnecessary.   The examination, however, was properly ordered to the extent of showing the defendant's knowledge as to the car being out of repair at and immediately prior to the time the accident occurred.   It may be, the car being one for the purpose of conveying passengers, that the doctrine of *res ipsa loquitur* applies, and that the plaintiff would prove a *prima facie* case by establishing its fall.   (*Griffen* v. *Manice*, 166 N. Y. 188.)   But that doctrine is only a rule of evidence and the plaintiff, in making out her case, is not obliged to rely upon it.   She may go further and show that the car was out of repair and that defendant knew it.

The order appealed from, therefore, is modified and the examination permitted to the extent indicated, and as thus modified affirmed, without costs to either party.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order modified as stated in opinion and as modified affirmed, without costs.   Order to be settled on notice.

---

WARREN E. THOMPSON, Respondent, v. AMERICAN OPTICAL
COMPANY, Appellant.

First Department, June 2, 1916.

Libel — libel by trustee of corporation appointed under laws of Massachusetts — corporation not liable for torts of trustee — newly-discovered evidence — libel written on letterhead of corporation.

Where, pursuant to the laws of the State of Massachusetts, the property and affairs of a corporation are transferred to trustees who are authorized to continue business in its name, a trustee is personally liable for a libel contained in a letter written by him; the wrong is not chargeable to the corporation.

Hence, where the plaintiff has been nonsuited because of his failure to connect the defendant corporation with the libel, he will not be granted a new trial because newly-discovered evidence shows that the libel was written by the trustee upon a letterhead bearing the name of the corporation.

APPEAL by the defendant, American Optical Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of May, 1916, vacating a judgment entered herein on the 16th day of March, 1916, and granting plaintiff a new trial on the ground of newly-discovered evidence, surprise and in furtherance of justice.

*William Rand, Jr.,* for the appellant.

*Lewis Schuldenfrei,* for the respondent.

SMITH, J.:

The action is for damages for a libel. The libel was contained in a letter written upon paper which had the defendant's letterhead, and was signed "American Optical Company, H. H. Styll, Legal Dept." Upon the trial of the action the plaintiff put Styll upon the stand, who swore that he wrote the letter but that he was acting for three trustees who, under the laws of Massachusetts, held by transfer the property of the defendant, and that he was not the attorney for the defendant at the time he wrote the letter. The plaintiff was surprised by this evidence, and stated that he could make no further proof connecting the defendant with the publication, and the complaint was dismissed. Plaintiff afterwards made this application to open the judgment, alleging his discovery after the trial that the letter in question was written upon paper which contained the letterhead of the defendant company.

Under the laws of Massachusetts it seems to be permissible for a corporation to transfer its property to trustees and for the trustees thereafter to do business in the name of the old corporation. For any liability in the course of that business the trustees are personally liable, and not the corporation. While this practice under the Massachusetts law is apt to create con-

fusion and lead the public to believe that the acts of the trustees were in fact the acts of the corporation, nevertheless after the property had been transferred to the trustees under whatever name the trustees did their business their acts were in fact independent of the corporation and could create no liability against the corporation,   It is argued that because the letterheads were allowed to be used by the trustees, including the words "Incorporated 1869," the defendant corporation was estopped from claiming that the act of Styll was not the act of the corporation.   It is probable that when the property was transferred to the trustees some letter paper was also transferred.   The use of that letter paper thereafter by the attorney for the trustees was the act of the trustees and not the act of the corporation, and we are unable to see any element of estoppel which would prevent the corporation from denying the authority of the attorney to act in its behalf.

As the plaintiff fails to show, therefore, that any cause of action exists against the defendant, the judgment should not be set aside and the order should be reversed, with ten dollars costs and disbursements, and motion denied.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.